UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Geraldo Arevalo,<br>Marco Astudillo,<br>Kleber Contreras,<br>Pedro Reyes, and<br>Luis Lucio<br><br>    Plaintiffs,<br>v.<br><br>Maplewood Construction<br>Company, Inc.,<br>Joseph DeFilippo, and<br>Vincenzo Perretta<br><br>    Defendants | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED**<br><br>December 17, 2012 |

## COMPLAINT

1.  Under federal and state laws, employers are obligated to pay their employees minimum and overtime wages -- and under Connecticut law -- to pay them for each hour they work. Plaintiffs, manual laborers who performed construction and renovation work for Defendants, make the following claims.

2.  Plaintiffs Geraldo Arevalo, Marco Astudillo, Kleber Contreras, Pedro Reyes, and Luis Lucio allege, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

3.  Plaintiffs further allege, pursuant to Connecticut Wage and Hour laws, Connecticut General Statutes §31-60, et seq., that they are entitled to recover from Defendants

1

(1) unpaid minimum wages, (2) unpaid overtime, (3), liquidated damages, (4) all wages due for each hour worked, and (5) attorneys' fees and costs.

## Jurisdiction and Venue

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391.

## Plaintiffs

6. Geraldo Arevalo is a Connecticut resident who was employed by the Defendants from on or about May of 2009 until November of 2012.

7. Marco Astudillo is a Connecticut resident who was employed by the Defendants from about January of 2010 through November of 2012.

8. Kleber Contreras is a Connecticut resident who was employed by the Defendants from about June of 2011 through November of 2012.

9. Pedro Reyes is a Connecticut resident who employed by the Defendants from about May of 2009 through November of 2012.

10. Luis Lucio is a Connecticut resident who was employed by the Defendants from about June of 2011 through November of 2012.

## Defendants

11. The Defendant Maplewood Construction Company, Inc. is a construction company, organized under the laws of the state of Connecticut, located in Wallingford, Connecticut with annual sales of more than $500,000.

12. The Defendants, Joseph DeFilippo and Vincenzo Peretta, are business partners with joint control over hours, assignments, scheduling, supervision, and payroll at Maplewood Construction Company, Inc.

### STATEMENT OF FACTS

13. Beginning in around December of 2009, Defendants ceased paying an overtime premium for hours worked in excess of 40 in a week to any of their employees, including Plaintiffs.

14. Between December of 2009 and November of 2012, Plaintiffs typically worked between forty-five and fifty hours per week, but were not paid an overtime premium for hours worked in excess of forty in a week.

15. Between April 18 and October 1, 2012, Defendants did not pay Plaintiffs anything for the hours they worked.

### COUNT ONE - FAIR LABOR STANDARDS ACT
### (Minimum Wage and Overtime)

16. By the conduct described above, Defendants violated the Plaintiffs' rights to be paid minimum and overtime wages consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

17. The Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

18. As a result of the Defendants' conduct as described above, the Plaintiff suffered a loss of wages.

### COUNT TWO - CONNECTICUT GENERAL STATUTES § 31-72
### (Minimum Wage, Overtime, and All Wages Due)

19. By the conduct described above, the Defendants violated the Plaintiffs' right to be compensated for their hours of work consistent with the provisions of the Connecticut wage and hour laws, including but not limited to Connecticut General Statutes §31-60, et seq.

20. The Defendants' failure to compensate the Plaintiff for hours worked consistent with Connecticut law was in bad faith and/or was unreasonable or arbitrary.

21. As a result of the Defendants' conduct as described above, the Plaintiff suffered a loss of wages.

WHEREFORE the Plaintiffs pray that the Court grant the following relief:

1. Award Plaintiffs any and all wages and benefits which Plaintiffs have lost as a result of the Defendants' illegal conduct, including payment of interest on all wages and benefits due;

2. Award the Plaintiffs double damages and reasonable attorneys fees and costs pursuant to C.G.S. § 31-72;

3. Grant the Plaintiffs liquidated damages under 29 U.S.C. §216(b);

4. Grant the Plaintiffs their attorneys fees, costs and pre-judgment interest; and

5. Award to Plaintiffs such other legal or equitable relief as the Court deems just.

THE PLAINTIFFS

By: _____
James Bhandary-Alexander, ct28135
New Haven Legal Assistance
426 State Street
New Haven, CT 06510
(203) 946-4811 (x 136)
jbhandary-alexander@nhlegal.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2012, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
James Bhandary-Alexander (ct28135)